**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Euclides Campos,<br><br>                                Plaintiff,<br><br>     -v-<br><br>Laundry Land of Yonkers Corp., and<br>David Choi,<br><br>                                Defendants. | Civil Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Euclides Campos ("Plaintiff" or "Campos"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Laundry Land of Yonkers Corp., and David Choi (collectively "Defendants"), respectfully allege as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further alleges pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours; and (iii) is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages and unlawful wage deductions, under

1

Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Euclides Campos ("Plaintiff" or "Campos") is an adult, over eighteen years old, who currently resides in Westchester, New York.

8. Upon information and belief and all times relevant herein, Laundry Land of Yonkers Corp., ("LLYC") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant LLYC was owned/controlled/managed by Defendant David Choi ("Choi") who was in charge of the operations and management of corporate Defendant.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Choi and it was Defendant Choi who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other

2

employment functions.

11. Upon information and belief, Defendants shared places of business in Westchester County, New York, at 615 South Broadway, Yonkers, NY 10705, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

**STATEMENT OF FACTS**

13. Upon information and belief, and at all relevant times herein, Defendants were involved in the laundry business.

14. Upon information and belief and at all times relevant herein, Defendants employed five or more employees.

15. At all times relevant herein, Plaintiff was employed by Defendants from in or around June 2017 to on or about January 21, 2018.

16. Upon information and belief, and at all times relevant herein, Plaintiff was individually and/or jointly employed as a manual worker performing a variety of manual work such as lifting, folding and handling laundry; ordering supplies; doing repairs; cashiering - including the processing of credit card and other electronic payments on a daily basis, etc. The laundromat in which Plaintiff worked had approximately 100 or more washing/drying machines.

17. At all times relevant herein Plaintiff's regular hourly rate was $10 an hour until in or around December 2017, when his regular rate was changed to $11 an hour.

18. At all times relevant herein, Plaintiff worked 50-70 hours a week for Defendants and likely more; 4-6 days a week - a more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §

142.2-6 are incorporated herein by reference.

19. At all relevant times herein and for the time Plaintiff was employed by Defendants, Plaintiff worked more than forty (40) hours a week, during his employment with Defendants. Plaintiff was not paid for any wages for his overtime hours (hours over 40 in a week), except that for the week ending November 11, 2017, Plaintiff was paid for 11 overtime hours at his regular rate of $10 an hour.

20. Upon information and belief and at all times relevant herein, Defendants had a general practice of recording only about 40 work hours for Plaintiff even though Plaintiff worked far in excess of 40 hours each week. Furthermore, Defendants had a policy and practice of paying Plaintiff for 20 hours by check and for about another 20 hours by separate transaction. Also, Defendants also paid Plaintiff about $50 a week which was characterized as a "bonus."

21. On several occasions during his employment with Defendants, Plaintiff had to spend a total of about $800-$1,500 of his own money to buy soap for Defendants laundry where Plaintiff worked. However, Plaintiff was never reimbursed for these expenditures on behalf of Defendants as required by NYLL § 193.

22. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

23. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for at least 4 days a week during his employment with Defendants – Plaintiff worked up to 16 or more hours a day. However, Defendants failed to pay Plaintiff an extra hour of pay for each such spread of hours day as required by NYLL including 12 NYCRR § 142-2.4.

24. The circumstances of Plaintiff's termination are currently under review and investigation and Plaintiff may assert wrongful termination/discrimination claims against Defendants at a later time.

4

25. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL § 195(1).

26. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL § 195(3).

27. The amount of Plaintiff's hours and wages will be refined when Defendants produce wage and time records it was required to keep under the FLSA and NYLL.

28. Plaintiff incorporates herein, accurate records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

29. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

30. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of supplies.

32. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York, and in the stream of interstate commerce.

34. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

36. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. "Plaintiff" as used in this complaint refers to the named Plaintiff.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

42. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

43. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce

and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

45. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid OT + SOH wages)

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

49. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during the period he was employed by Defendants, but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum

Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

### Relief Demanded

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime, and spread of hours compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

51. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 50 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

54. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the unpaid non-overtime wages, spread of hours wages, overtime wages, and reimbursement for expenses/deductions Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

57. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, and spread of hours compensation, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

58. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the FLSA and NYLL including Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

59. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

60. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages, and spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

61. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid

non-overtime wages and overtime wages, spread of hours wages, reimbursement for deductions/expenses, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

62. Award Plaintiff prejudgement interest on all monies due;

63. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

64. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **March 30, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF